


**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **ALLEN OHECHUKWU CAUDLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action Number |
| **v.** | ) | **5:22-cv-00623-AKK** |
| | ) | |
| **UNITED STATES OF AMERICA, U.S. DEPARTMENT OF DEFENSE, and FEDERAL BUREAU OF INVESTIGATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Allen Ohechukwu Caudle files this *pro se* lawsuit against the United States, the U.S. Department of Defense, and the Federal Bureau of Investigation for alleged constitutional violations and torts. *See* doc. 1. He also moves to proceed *in forma pauperis* and for the appointment of counsel. Doc. 2. The IFP motion[1] prompted the court to screen his claims to ensure they are viable and nonfrivolous. *See* 28 U.S.C. § 1915(e). Because Caudle's complaint fails to meet this standard, the court must dismiss it.

---

[1] An affidavit supporting an IFP motion suffices "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Because Caudle attested to his lack of assets and employment, *see* doc. 2, the court will grant his motion.

**I.**

Caudle pleads that the United States, the DoD, and the FBI have "used [him] and [his] information without [his] consent" to "file reports to intentionally violate laws" and to injure, stalk, and arrest him without cause. *See* doc. 1 at 3–4. He further pleads that "[t]he defendants have called [him and his family] names[,] insulted [their] race, ethnicity and religion," and "affected [their] ability to exercise [their] religion." *Id.* at 3. Caudle claims that the defendants "prevented [him] from making retaliation reports" through the Equal Employment Opportunity Commission and that they shared information online that hurt his job performance. *Id.* at 5. Last, he claims that the defendants "cancelled [his] health insurance policy" with "BCBS," presumably, Blue Cross Blue Shield. *Id.* at 8.

Caudle says he has "lost $8,000,000 in revenue and 40,000 hours in wages at [his] job" due to the alleged conduct. *Id.* at 4. He asks the court to "award protection from the abuse," ensure the defendants no longer use or share his information, expunge his arrest record, and appoint him an attorney. *See id.* at 8; doc. 3.

**II.**

The court liberally construes *pro se* pleadings such as this one. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Because Caudle proceeds *in forma pauperis*, the court must review his complaint to ensure it

states a viable, nonfrivolous claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B).[2] *See also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under this standard, the court must dismiss Caudle's complaint.

Caudle names as defendants the United States, the DoD, and the FBI. However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). As a result, the United States—including its agencies—"cannot be sued except as it consents to be sued." *Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993). On the court's read, the best theories for parsing Caudle's claims fall under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), both of which provide litigants certain avenues for suing the federal government or its actors.

A.

"The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006). Specifically, the FTCA authorizes lawsuits against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the

[2] Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (some internal punctuation omitted). The court does not evaluate Caudle's claims under the last § 1915(e)(2) element because, despite his reference to his lost "revenue," Caudle does not seem to seek money damages. *See generally* docs. 1; 3.

> Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Powers*, 996 F.2d at 1124 (quoting 28 U.S.C. § 1346(b)(1)). "However, '[a] federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency.'" *Dalrymple*, 460 F.3d at 1324.

Caudle does not plead facts plausibly demonstrating that a particular federal employee, while acting in the scope of employment, performed a "negligent or wrongful act or omission." *See Powers*, 996 F.2d at 1124. Rather, Caudle claims only that the United States, the DoD, and the FBI broadly caused him injury and property loss. *See* doc. 1. Thus, he has not pleaded facts invoking the FTCA. And, even if his claims do implicate the FTCA, Caudle does not allege that he filed an administrative claim with an agency in connection with the alleged injuries. *See id.* This alone would divest the court of jurisdiction to hear his claims against the United States and its agencies. As a result, Caudle's lawsuit cannot proceed under the FTCA.

B.

Caudle's claims also cannot proceed under *Bivens*. *Bivens* recognized "an implied cause of action" to sue for damages caused by the constitutional violations of federal officials. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56 (2017); *see Bivens*,

403 U.S. at 397. This requires a plaintiff to "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Stevens v. Osuna*, 877 F.3d 1293, 1309 (11th Cir. 2017) (emphasis and internal quotation marks omitted).

Caudle alleges (though in conclusory terms) that the defendants "have affected [his and his family's] ability to exercise [their] religion," doc. 1 at 3, and the First Amendment certainly protects against government action that discriminates against religious exercise, *see* U.S. CONST., AMEND. I; *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). Therefore, Caudle may plead a constitutional violation, at least in the abstract. However, as noted previously, Caudle does not allege conduct by any specific federal official or agent, a necessary ingredient for any *Bivens* claim. *See Stevens*, 877 F.3d at 1309. Crucially, the Supreme Court has rejected the expansion of *Bivens* claims from federal officials to federal agencies. *Meyer*, 510 U.S. at 486. And further, *Bivens* addresses claims for money damages, and Caudle appears to seek only various forms of injunctive relief. *See generally* docs. 1; 3. Based on the allegations, Caudle lacks a cause of action to sue the United States and two of its agencies via *Bivens*.

**III.**

For the foregoing reasons, the court will grant Caudle's IFP motion, doc. 2, but dismiss his claims as nonviable. *See* 28 U.S.C. § 1915(e). In short, because of

the government's sovereign immunity from suit, Caudle cannot sue the United States, the DoD, or the FBI based on his allegations. A separate order follows.

**DONE** the 26th day of May, 2022.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE